## THE FIRST NATIONAL BANK OF BUTTE, RESPONDENT, *v.* PARDEE ET AL., APPELLANTS.

[Submitted July 1, 1895.   Decided July 22, 1895.]

PROMISSORY NOTES—*Credit—Statute of limitations—Findings.*—Where suit by the assignee of a promissory note, upon which was indorsed a credit in the month of December, 1883, would have been barred by limitation, if, as defendant contended, the credit should have been given in August, 1883, a general verdict for plaintiff is not inconsistent with a special finding of the jury that the credit should have been given in August but that the plaintiff bank did not receive the money until December, it appearing that the credit grew out of a private transaction between a member of the assignor bank and the defendant, in which the bank had no interest or concern.

MORTGAGES—*Foreclosure—Deficiency.*—Under section 358 of the Code of Civil Procedure, authorizing the entry of deficiency judgments in actions for the foreclosure of mortgages, a deficiency judgment may be properly entered against the grantor in a deed of trust given to secure the payment of a promissory note, though there may be nothing in the terms of the deed itself to warrant the entry of a judgment for a deficiency.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on a promissory note and to foreclose a deed of trust.   Judgment was rendered for the plaintiff below by Mc-HATTON, J.   Affirmed.

*F. W. Cole* and *H. R. Whitehill,* for Appellant.

*Forbis & Forbis,* for Respondent.

PER CURIAM.—This is an action on a promissory note, and for a decree foreclosing a deed of trust given to secure the payment thereof.

On the 16th day of April, 1881, the defendant executed and delivered to S. T. Hauser & Co., bankers at Butte, his promissory note for $11,000, with interest, payable 30 days after date.   The deed of trust was executed to secure the payment of the note.   Thereafter the note and deed of trust were assigned to plaintiff.   At the time of the bringing of the suit the note had on the back thereof the following indorsement: "Dec. 21st, 1883, paid $5,980.59, sale of stock at 8c."

The defense to the note is the statute of limitations, the de-

fendant insisting that said payment was made on said note on the 30th day of August, 1883, and, if so, the statute of limitations had run before the institution of the suit. The replication denies that the note is barred by the statute.

Defendant testifies, in substance, that in August, 1883, he sold mining stock to A. J. Davis, who was a member of the firm of S. T. Hauser & Co.; that the price of the stock was the sum indorsed on said note; that it was the understanding that said sum should be paid on said note by Davis; that it was his impression that Davis was acting for said firm in the purchase of said stock, but did not know; that Davis never told him so; that he thinks it was in the month of August, because the weather was hot. The evidence of the officers of the bank is to the effect that the dealing between Davis and the defendant in relation to the stock was a private matter between them; that the bank had no interest or concern whatever in the transaction, and that the money was paid to the bank on the 21st day of December, 1883, by Davis, and credited on the note on that day.

The case was tried to a jury. Special findings of fact were made, and a general verdict returned in favor of the plaintiff. As special findings of fact, the jury returned that A. J. Davis purchased the mining stock of defendant in August, 1883, and that the credit on the note should have been made in that month, but that the plaintiff did not receive the money until the 21st day of December thereafter. The court entered judgment for plaintiff for the amount due on said note, decreed the foreclosure of the deed of trust, and also rendered the further judgment: "That if the moneys arising from the said sale shall be insufficient to pay the amount so found due to the plaintiff, as above stated, with the interest, and costs and expenses of sale as aforesaid, the sheriff specify the amount of such deficiency and balance due the plaintiff in his return of said sale; and that, on the coming in of said return, a judgment of this court shall be docketed for such balance against the defendant James K. Pardee, and that the defendant James K. Pardee, who is personally liable for the payment of the

debt secured by such mortgage, pay to the said plaintiff the amount of such deficiency and judgment, with legal interest thereon from the date of said last-mentioned return and judgment; and that the plaintiff have execution therefor." From the judgment, and order refusing a new trial, defendant appeals.

The appellant contends that the general verdict is contrary to the special findings, and that, as a consequence, the special findings should prevail. In view of the evidence, we do not think the contention can be sustained. It may be true that Davis bought the stock in August, and that the purchase price should have been paid by Davis, and credited on the note, in that month; but the evidence is ample that Davis did not pay it to the bank until the 21st day of December. The bank, as the evidence of plaintiff shows, had nothing to do with the transaction between Davis and the defendant in relation to the stock. There is nothing in the case to authorize the holding of the bank responsible for the failure of Davis to pay the money at the time claimed to have been agreed upon between him and the defendant. We think there is no real conflict between the special findings and the general verdict.

Appellant further contends that there is nothing in the deed of trust or complaint to warrant a deficiency judgment in this case, and claims that the judgment in that respect should, at least, be modified. Section 358 of the Code of Civil Procedure, at page 158, provided: "In actions for the foreclosure of mortgages the court shall have the power, by its judgment, to direct a sale of the incumbered property (or as much as may be necessary), and the application of the proceeds to the payment of the costs of the court, and expenses of the sale, and the amount due to the plaintiff; and if it appear from the sheriff's return that the proceeds are insufficient and a balance still remains due, judgment shall be docketed for such balance against the defendant, or defendants, personally liable for the debt, and shall then become a lien on the real estate of such judgment debtor, as in other cases, in which execution may be issued." We think this statute affords ample authority for the

rendition of that part of the judgment complained of.

We think there was no abuse of discretion or error in the action of the court in refusing to continue the case on appellant's application. The showing for a continuance was insufficient. We think the judgment should be affirmed; and it is so ordered.

*Affirmed.*